**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **GABRYELLE DANIELS,** | § | |
| **Plaintiff,** | § | |
| **V.** | § | |
| | § | |
| **STATE OF TEXAS DFPS, CHUCK** | § | **A-24-CV-1427-RP-ML** |
| **STERMER, CHERYL MABREY, VICKI** | § | |
| **ISRAEL, AMY MONTES, MELISSA** | § | |
| **MCCLURE,** | § | |
| **Defendants.** | § | |

**ORDER ON *IN FORMA PAUPERIS* STATUS AND
REPORT AND RECOMMENDATION ON THE MERITS OF THE CLAIMS**

TO THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE:

The Magistrate Judge submits this Report and Recommendation to the United States District Judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the court is Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 2). Because Plaintiff is requesting permission to proceed *in forma pauperis*, this court must review and make a recommendation on the merits of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e).

**I.     REQUEST TO PROCEED *IN FORMA PAUPERIS***

The court has reviewed Plaintiff's financial affidavit and determined Plaintiff is indigent and should be granted leave to proceed *in forma pauperis*.   Accordingly, the court hereby **GRANTS** Plaintiff's request for *in forma pauperis* status.  The Clerk of the Court shall file the complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a).  This indigent status is granted subject to a later determination the action should be

1

dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff is further advised, although Plaintiff has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this court has made a § 1915(e) review of the claims made in this complaint and is recommending Plaintiff's claims against Chuck Stermer and Cheryl Marbrey be dismissed with prejudice under 28 U.S.C. § 1915(e). Therefore, service upon Defendants Chuck Stermer and Cheryl Marbrey should be withheld pending the District Judge's review of the recommendations made in this Report. If the District Judge declines to adopt the recommendations, then service should be issued at that time upon Defendants.

The Magistrate Judge **FURTHER ORDERS** the Clerk of the Court shall issue summons and the United States Marshal is ordered to commence service of process, including service of Plaintiff's complaint upon all named defendants other than Chuck Stermer and Cheryl Marbrey under Rules 4 and 5 of the Federal Rules of Civil Procedure.

## II.    REVIEW OF THE MERITS OF THE CLAIM

### A.    Factual Background

Gabryelle Daniels seeks to bring suit against the named defendants related to the removal of her daughter (DD) from her home and placement of her daughter in a state facility. She alleges her daughter was inadequately supervised and ran away. Dkt. 7 (More Definite Statement). At some point, the daughter was placed in a residential treatment center where she was allegedly abused and neglected.

Daniels seeks $185,000 from the State of Texas DFPS for perjury and $1.2 million from the State of Texas DFPS for neglect and emotional distress. She seeks $47,000 on behalf of DD's father as the State did not allow him to meaningfully participate in the case concerning DD's removal. She alleges State officers committed perjury and she was denied due process. Dkt. 1 at 7.

As defendants, Daniels names the State of Texas Department of Family and Protective Services; Chuck Stermer, the prosecutor; the Honorable Judge Cheryl Marbrey, who presided over case; Vicki Israel, a caseworker; Amy Montes, a case manager during DD's temporary conservatorship; and Melissa McClure, Daniels's appointed attorney. Dkt. 1 at 1, 2, 4; Dkt. 7 at 1.

### B.    Standard of Review

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the court is required by statute to review the Complaint.  Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.  A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327–28.

*Pro se* complaints are liberally construed in favor of the plaintiff.  *Haines v. Kerner*, 404 U.S. 519, 20–21 (1972).  However, *pro se* status does not offer a plaintiff an "impenetrable

shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

### C.    Discussion

Some of the named defendants are plainly immune from suit. Prosecutors have absolute immunity from liability in suits filed pursuant to 42 U.S.C. § 1983 for actions taken within the scope of their jurisdiction as prosecutors. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1992) ("acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity"); *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994) ("Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process."). Other district courts have applied prosecutorial immunity to attorneys representing the state in suits affecting the parent child relationship and other family law situations. *Shipula v. Texas Dep't of Family & Protective Servs.*, 2011 WL 1882521 at *14 (S.D. Tex. May 17, 2011); *Stuart v. City of San Antonio, State of Texas*, No. SA-13-CA-439-FB, 2013 WL 12100451, at *5 (W.D. Tex. Aug. 8, 2013), report and recommendation adopted sub nom. *Stuart v. City of San Antonio*, No. SA-13-CA-439-FB, 2013 WL 12099981 (W.D. Tex. Aug. 27, 2013), aff'd sub nom. *Stuart ex rel. B.O.S. v. City of San Antonio, Tex.*, 561 F. App'x 404 (5th Cir. 2014); *see also Jones v. Juarez*, No. EP-08-CA-209-PRM, 2008 WL 4083144, at *1 (W.D. Tex. Aug. 29, 2008) with *Jones v. Juarez*, No. EP-08-CA-209-PRM Dkt. #4 (applying prosecutorial immunity to Assistant County Attorney who sought protective order for person alleged to be the victim of family

violence). Accordingly, Chuck Stermer is entitled to immunity and should be dismissed with prejudice.

If a judge is acting in his or her capacity as a judicial officer, and has some subject matter jurisdiction, the judge is entitled to absolute judicial immunity "*even when the judge is accused of acting maliciously and corruptly.*" *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005) (emphasis in original). Accordingly, the Honorable Judge Cheryl Marbrey is also entitled to immunity and should be dismissed with prejudice.

Although the court is not recommending dismissal of the remaining defendants at this time, this is not a determination that her claims against the remaining defendants are viable.

### III.    ORDER AND RECOMMENDATIONS

The Magistrate Court hereby **GRANTS** Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 2). The Magistrate Court **RECOMMENDS** the District Court **DISMISS WITH PREJUDICE** Plaintiff's claims against Chuck Stermer and Cheryl Marbrey.

The referral of this case to the Magistrate Judge should now be canceled.

### IV.    WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party

from appellate review of unobjected-to proposed factual findings and legal conclusions accepted

by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53

(1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).


SIGNED February 7, 2025.

_____

MARK LANE
UNITED STATES MAGISTRATE JUDGE